**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES JAMES, | Civil Action No. 15-5748 (PGS) |
| Plaintiff, | |
| v. | OPINION |
| COUNTY OF MERCER, et al., | |
| Defendants. | |

SHERIDAN, DISTRICT JUDGE

Plaintiff James James, ("Plaintiff"), a convicted prisoner confined at Bayside State Prison in Leesburg, New Jersey at the time of filing[1], seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court previously granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk of the Court to file the Complaint. (ECF No. 5.)

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

---

[1] Though Plaintiff is now a convicted prisoner, it appears that he was a pre-trial detainee on unrelated charges at the time of the events outlined in the Complaint.

## I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants County of Mercer, Trenton Police Department, Detective Chris Doyle and Detective Manny Monterey. The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

In his Complaint, Plaintiff provides only the following facts:

> On October 10, 2007, I James James was arrested by Detective Chris Doyle and detective Manny Monterey and charged with murder. I was confined to the Mercer County Correctional facility for 19 months. I also was deprived of legal material, law library and paralegal assistance, so therefore I couldn't gain legal knowledge about my right to file a claim.
>
> I was placed on a maximum tier in the facility where I was not allowed off the tier. I also was constantly harassed by both detectives after I demanded they leave me alone.
>
> I also was not given any documentation of my arrest, and made to endure the confinement of the county jail. The Mercer County prosecutors office filed a motion for all charges to be dismissed after 19 months of malicious prosecution, false imprisonment, and there was no probable cause or justification for my arrest.

(Compl. ¶ 6.)

Plaintiff is seeking monetary damages. (*Id.* at ¶ 7.)

## II. DISCUSSION

### A. Legal Standard

#### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions

in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

3

## 2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## B. Analysis

### 1. Defendants County of Mercer and Trenton Police Department

Plaintiff has named Mercer County and the Trenton Police Department as defendants in this action. A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A plaintiff seeking to hold a municipality liable under section 1983 must demonstrate that the violation of rights was caused by the municipality's policy or custom. *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citing *Monell*, 436 U.S. at 690–91). Liability is imposed "when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one of its employees."

4

*Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981)).

Here, Plaintiff specifically alleges that the only basis for his claims against Mercer County and the City of Trenton[3] is their employment of Defendants Doyle and Monterey. This is insufficient to state a claim against these entities. *See Monell*, 436 U.S. at 690–91. Plaintiff must allege that the violation of rights of his rights was caused by the municipality's policy or custom, which he has failed to do. *Id.* As a result, Defendants County of Mercer and City of Trenton will be dismissed from this action.

## 2. False Arrest/Imprisonment

It appears that Plaintiff is alleging a claim for false arrest and/or false imprisonment against Defendants Doyle and Monterey.

Federal courts look to state law to determine the limitations period for § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007) ("Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations[.]"). A complaint under § 1983 is "characterized as a personal injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989)). In New Jersey, § 1983 claims are subject to New Jersey's two-year statute of limitations on personal

---

[3] Although local governmental units may constitute "persons" against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part. *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014). Therefore, the Court will construe this claim as against the City of Trenton.

injury actions. *See id.* at 185. *See also* N.J. Stat. Ann. § 2A:14–2. Under federal law, a § 1983 cause of action accrues when the allegedly wrongful act occurred. *See Wallace*, 549 U.S. at 388 ("It is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief") (internal citations and alterations omitted). The statute of limitations is an affirmative defense that the defendants generally must plead and prove. *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (holding that the statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

Plaintiff's claims of false arrest and imprisonment appear to be untimely under the two-year statute of limitations applicable to section 1983 claims. *See Cito*, 892 F.2d at 25. Claims for false arrest typically accrue on the date of the arrest because, at that point, the plaintiff has reason to know of the injury. *See Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). A claim of false imprisonment accrues when a person is detained without legal process (the claims ends once that person is held pursuant to legal process, such as when a person is bound over by a magistrate or arraigned on charges). *LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (citing *Wallace*, 549 U.S. at 389–90).

Here, pursuant to the prisoner mailbox rule, Plaintiff filed his Complaint on July 15, 2015 at the earliest, and Plaintiff's Complaint lists the date of his arrest as October 10, 2007. Plaintiff's Complaint does not provide the date on which he was arraigned. However, he does state that the charges against him were dismissed 19 months after he was arrested and he was released from

6

Mercer County Jail on May 9, 2009. (Compl. ¶¶ 4(d); 6.) Even if the Court were to find that these claims did not accrue until the date the charges were dismissed, May 9, 2009, his Complaint was still filed over 4 years after the expiration of the two year statute of limitations in 2011. Therefore, absent tolling, these claims are time-barred.

New Jersey statutes set forth certain bases for "statutory tolling." *See, e.g.*, N.J.S.A. § 2A:14–21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14–22 (detailing tolling because of nonresidency of persons liable). However, the Complaint does not allege any basis for statutory tolling. New Jersey law also permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. *See Freeman v. State*, 347 N.J.Super. 11, 31 (citations omitted). "[A]bsent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.* When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. *See Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum. In this case, Plaintiff also fails to articulate any basis for equitable tolling.

7

It is apparent from the face of the Complaint that Plaintiff's false arrest and false imprisonment claims are time-barred and this Court will dismiss those claims accordingly. *See Paluch v. Sec'y Pa. Dep't of Corr.*, 442 F. App'x 690, 694 n. 2 (3d Cir. 2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e) (2) a complaint whose untimeliness is apparent from the face of the record"); *McPherson v. United States*, 2010 WL 3446879, at *4 (3d Cir. Sept. 2, 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A").[4]

---

[4] Even if the claims were timely, the Court also notes that Plaintiff has failed to state a claim under *Iqbal*. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012). False arrest and false imprisonment "are 'nearly identical claims,' and 'are generally analyzed together.'" *Brockington v. City of Philadelphia*, 354 F.Supp.2d 563, 571 n. 8 (E.D. Pa. 2005) (quoting *Maiale v. Youse*, No. 03–5450, 2004 WL 1925004, at *12 (E.D. Pa. Aug. 27, 2004)). Nonetheless, they are still distinct claims: "[t]he basis for false arrest is the arrest itself, whereas the basis for false imprisonment is the detention that follows the false arrest." *Reedy v. Twp. of Cranberry*, No. 06-1080, 2007 WL 2318084, at *3 (W.D. Pa. Aug. 9, 2007). "Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 2111 F.3d 782, 788 (3d Cir. 2000) (internal quotation marks and citations omitted); *accord Revell v. Port Auth. of New York, New Jersey*, 598 F.3d 128, 137 n. 16 (3d Cir. 2010); *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995).

Here, Plaintiff has provided absolutely no information about the facts and circumstances of his arrest. He merely states in a conclusory manner that he was arrested for murder without probable cause. Without any factual context, the Court is unable to find that Plaintiff has stated a claim for false arrest and/or imprisonment. *See Fowler*, 578 F.3d at 210; *Iqbal*, 556 at 678.

3. **Malicious Prosecution**

Plaintiff also appears to allege a claim for malicious prosecution against Defendants Doyle and Monterey. A cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor. *Robinson v. Cty. of Allegheny*, 404 F. App'x 670, 673 (3d Cir. 2010) (citing *Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994)); *Ginter v. Skahill*, 298 F. App'x 161, 163 (3d Cir. 2008) (citing *Smith v. Holtz*, 87 F.3d 108, 111 (3d Cir. 1996)). Here, the Complaint alleges that the prosecutor dismissed the charges against Plaintiff on May 9, 2009. Consequently, for the reasons discussed above with regard to the false arrest and false imprisonment claims, the Section 1983 claim for malicious prosecution filed in 2015 is also untimely and must be dismissed.[5]

4. **Access-to-the-Courts**

Plaintiff appears to allege a claim against unidentified defendants for denying him access to the law library when he was incarcerated at Mercer County Jail. At the outset, the Court notes that Plaintiff has not named any defendants who could have been personally involved in denying him said access. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding that a plaintiff must establish that the defendants "have personal involvement in the alleged wrongs

---

[5] Even if Plaintiff could provide a tolling argument and this claim is considered timely, he has failed to allege sufficient facts to allow this claim to proceed on the merits. A claim for malicious prosecution has the following elements: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiffs favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). As with the claims for false imprisonment and false arrest, Plaintiff has provided no facts about his arrest and prosecution. Without any substantive information, the Court is unable to conclude that Plaintiff has sufficiently alleged lack of probable cause or that the defendants acted maliciously.

[which] ... can be shown through allegations of personal direction or of actual knowledge and acquiescence"). Moreover, as with the other claims, this claim accrued, at the latest, on May 9, 2009 when the charges against him were dismissed and he was released from Mercer County Jail. *See Wallace*, 549 U.S. at 388. Because the Complaint was filed well beyond the expiration of the statute of limitations period, this claim is also time-barred.[6]

## 5. Harassment

Plaintiff states that Defendants Doyle and Monterey "constantly harassed" him while he was at Mercer County Jail. However, allegations of threats or verbal harassment without more do not state a claim under § 1983. *See Brown v. Hamilton Twp. Police Dep't Mercer Cnty., N.J.*, 547 F. App'x 96, 97 (3d Cir.2013) (per curiam) ([A]llegations of verbal abuse or threats, absent any injury or damage, are not cognizable under § 1983") (citing *McBride v. Deer*, 240 F.3d 1287,

---

[6] Even if the Court reached the merits of this claim, it would be dismissed. The First and Fourteenth Amendments guarantee inmates a right of access to the courts. *See Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam) (citing *Lewis v. Casey*, 518 U.S. 343, 354–55 (1996)). The Supreme Court has repeatedly recognized that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Lewis*, 518 U.S. at 346 (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (internal quotations omitted)). This right however, is not unlimited. "The tools [*Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355. Additionally, an inmate must show that the lack of meaningful access to the courts caused him past or imminent "actual injury". *See Lewis*, 518 U.S. at 350–52; *Oliver v. Fauver*, 118 F.3d 175, 177–78 (3d Cir. 1997).

Here, Plaintiff has not provided any facts about the denial of access to the law library, including how often he was denied access. Nor does he provide any information about what times of claims he wished to file; specifically, whether the claims pertained to his criminal action or the conditions of his confinement. Finally, Plaintiff failed to allege any "actual injury" he suffered as a result of said denial.

1291 n. 3 (10th Cir. 2001); *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997)); *Barber v. Jones*, No. 12–2578, 2013 WL 211251, at *5 (D.N.J. Jan.18, 2013) (noting that general allegations of verbal abuse unaccompanied by injury or damage are not cognizable under § 1983). Plaintiff has alleged nothing more than verbal harassment by these defendants, which fails to state a claim.[7]

### III. CONCLUSION

For the reasons stated above, the Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[8] An appropriate order follows.

Dated: 10/16/15

_____
Peter G. Sheridan, U.S.D.J.

---

[7] Even if mere verbal harassment could state a constitutional claim, it would be time-barred as well since such a claim would have accrued, at the latest, on May 9, 2009.

[8] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

11